ESTEBAN OCASIO ESTEBAN, ETC., Plaintiff and Appellee, *v.*
THE PEOPLE OF PUERTO RICO and MARYLAND CASUALTY
COMPANY, Defendants and Appellants.

No. 11756. Argued March 1, 1956.—Decided March 27, 1956.

*José Trías Monge, Attorney General,* and *Aurelio Torres
Braschi, Assistant Attorney General,* for The People, appel-
lant. *Bolívar Pagán* for appellant Maryland Casualty Co.
*Héctor González Blanes* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

This suit for damages against the People of Puerto Rico and an insurance company was filed more than a year after the date of the automobile accident involved herein, but less than a year from the effective date of a special statute waiving the defense that the driver of the automobile was not a special agent of the People. The question is whether the statute of limitations began to run on the date of the accident or on the date the special statute took effect.

On June 2, 1950 Esteban Ocasio, a minor, was injured when he was struck by an automobile belonging to the People and operated by a government employee in the regular course of his employment. Act No. 416, Laws of Puerto Rico, 1951, approved on May 11, 1951 and effective 90 days later, authorized Perfecto Ocasio, the father of the minor with *patria potestas* over him, to sue the People for the damages sustained by the minor as a result of the accident. Act No. 193, Laws of Puerto Rico, 1952, approved on May 2, 1952 and effective 90 days later, amended Act No. 416 by adding a provision waiving the defense that the driver of the automobile was not a special agent of the People.

On January 16, 1953 the minor, represented by his father, filed this suit in the Superior Court for damages against the People and the Maryland Casualty Company. The trial court overruled the defense that the cause of action had prescribed. After a trial on the merits, the Superior Court entered a judgment for $15,000 in favor of the plaintiff from which the defendants have appealed.

Act No. 76, Laws of Puerto Rico, 1916, as amended by Act No. 11, Laws of Puerto Rico, 1928, 32 L.P.R.A. § 3061 *et seq.*, authorized damage suits against the People of Puerto Rico. Section 9 of Act No. 76 provided that such actions shall prescribe one year " . . . after the cause of action arises . . . ". Act No. 416 of 1951, as amended by

Act No. 193 of 1952, which specifically authorized the present suit, is silent as to the statute of limitations. The defendants therefore argue that the plaintiff's cause of action arose when the accident occurred on June 2, 1950, and that under § 9 of Act No. 76 it had prescribed prior to the filing of this suit in 1953. We disagree.

Generally speaking, a statute conferring the consent of the government to be sued does not create a cause of action but simply waives the immunity of the government from suit. *Campis* v. *People*, 67 P.R.R. 366; *Soto* v. *Lucchetti*, 58 P.R.R. 715. This was the basic purpose of Act No. 76 of 1916, as amended by Act No. 11 of 1928. But Act No. 76 as amended did not eliminate the requirement of § 1803 of the Civil Code, 1930 ed., 31 L.P.R.A. § 5142, that the People are liable for the negligent acts of an employee only if the latter is a special agent. *Pérez* v. *Maryland Casualty Co.*, 78 P.R.R. 453; *Peña* v. *People*, 68 P.R.R. 870; *Rivera* v. *People*, 65 P.R.R. 926. Consequently, the plaintiff could not have prevailed in a suit against the People when this accident occurred on June 2, 1950. And Act No. 416 of 1951 did not cure this situation. It was only after the Legislature amended Act No. 416 by providing in Act No. 193 of 1952 for a waiver of the defense as to a special agent that the plaintiff had an effective cause of action against the People.

We agree that, in view of the silence of Act No. 193 as to a prescriptive period, the plaintiff was required by § 9 of Act No. 76 to file this suit within one year after his cause of action arose. But Act No. 193 of 1952 did more than merely authorize a suit against the People of Puerto Rico; indeed, that had already been accomplished first by Act No. 76, as amended, and then by Act No. 416 of 1951. However, such a suit would not have stated a cause of action against the People since the latter could have successfully raised the defense that the driver was not a special agent

of the People. In eliminating this defense which was otherwise available under § 1803 of the Civil Code, Act No. 193 of 1952 for the first time enabled the plaintiff to file a suit stating a cause of action. See *Rodríguez* v. *People*, 75 P.R.R. 377. *Cf. Stella* v. *Municipality*, 76 P.R.R. 733. We think it is obvious that the Legislature intended for the statute of limitations to begin to run on that date. Otherwise, Act No. 193 would have been a wholly futile gesture, as the accident occurred more than a year before its effective date. As this suit was filed within a year of the passage of Act No. 193, the trial court did not err in overruling the defense of prescription.

Although the facts in *Valiente & Cía.* v. *People*, 71 P.R.R. 605, were somewhat different, the rule we laid down there is applicable here. In that case a special statute authorizing a suit against the People was enacted because the case did not fall within the purview of Act No. 76 as amended. We held that the one-year statute of limitations provided in § 9 of Act No. 76 was controlling, *but that the prescriptive period began to run on the date the special statute was enacted.* We pointed out at p. 607: "The cause of action of the [plaintiff] arose by virtue of the passage of [the special statute]."

*Santiago* v. *People*, 74 P.R.R. 196, is distinguishable. In the *Santiago* case we held that the one-year period provided in § 9 of Act No. 76 for filing suits against the People was not extended by § 31 of the Workmen's Compensation Act in cases where the People may be sued for damages as a third party responsible for the injury or death of a workman. It is true that we said in the *Santiago* case at p. 199 that the plaintiff's cause of action arose on the date of the accident. But that case involved a cause of action which existed on that date by virtue of § 404 of the Political Code. It did not involve as here the question of a special statute which for the first time eliminated a valid defense against a cause of action.

The defendant insurance company also argues as follows: The plaintiff's cause of action had prescribed before Act No. 193 was approved. The People if it chose could enact such a statute waiving prescription insofar as its liability was concerned. But this statute could not operate to prejudice the right of the insurance company to invoke the statute of limitations. The company cites no authority to support this contention. *Cf.* Appleman, *Insurance Law and Practice*, § 4254, p. 7 *et seq.* It contracted in the policy to pay, up to $10,000, the sums the insured " . . . shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . ". The policy does not limit the liability of the insurance company as imposed by law as it existed when the policy was issued. The company was therefore responsible under the terms of the policy even though Act No. 193 was approved subsequent to its execution.

The only other error assigned is that the trial court ordered both defendants to pay the judgment of $15,000, the costs and $1,000 as attorney's fees without indicating their respective responsibilities. While this error was committed, it does not require reversal of the judgment. The insurance policy was limited to $10,000 for bodily injury to each person. We shall therefore modify the judgment to provide that the company is liable only for $10,000, the costs, and $1,000 as attorney's fees, whereas the People is liable for $15,000, the costs, and the attorney's fees. As thus modified, the judgment will be affirmed.[1]

---

[1] The policy in this case contained the same endorsement with reference to waiver of immunity from suit which is set forth in footnote 4 of *Pérez* v. *Maryland Casualty Co.*, *supra*. However, two things should be noted. First, here the People—as well as the insurance company—raised the defenses available in a suit against the sovereign. Second, the terms of the endorsement with reference to the driver of a government automobile play no role here as the driver was not joined as a defendant.